IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

ALL AMERICA INSURANCE COMPANY,

    Plaintiff,

v.                                    Civil Action No. 4:11-cv-00041-RAJ-TEM

ANNETTE W. MORRIS, et al.,

    Defendants.

## ANSWER TO AMENDED COMPLAINT and
## COUNTERCLAIM OF DEFENDANT ESSEX INSURANCE COMPANY

Defendant Essex Insurance Company ("Essex"), by counsel, as and for its Answer to the Complaint (erroneously entitled "Motion") for Declaratory Judgment, states as follows:

1. Denies the allegations of Paragraph "1."

2. Denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "2."

3. Denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "3."

4. Denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "4."

5. Denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "5."

6. Denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "6."

7. Denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "7."

1

8. Denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "8."

9. Denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "9."

10. Denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "10."

11. Denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "11."

12. Admits only that Essex issued Specified Products and Completed Operations Liability Insurance Policy No. SP-842545 to T&D Metal Products, LLC d/b/a Promo Karts, LLC (the "Essex Policy"), the terms, limits, conditions, provisions and exclusions of which speak for themselves. Essex denies the remaining allegations of Paragraph "12."

13. Denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "13."

14. Admits only that All America Insurance Company issued Policy No. CLP 8377294 to T&D Metal Products Company d/b/a MPD Medical, Promo Karts (the "All America Policy"), effective for the period April 1, 2008 to April 1, 2009, the terms, limits, conditions, provisions and exclusions of which speak for themselves. Essex denies knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph "14."

15. Denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "15."

16. Admits only that Annette W. Morris commenced a lawsuit against Small Cars America, Inc. t/a Grand Prix Racing and others under Case No. CL10-938 in the Circuit Court of

the City of Hampton, Virginia (the "Underlying Action"), the allegations of which suit speak for themselves. Essex denies knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph "16."

17. Denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "17."

18. Denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "18."

19. The allegations of Paragraph "19" purport to state a legal conclusion to which no responsive pleading is required. To the extent a response is deemed to be required, Essex denies the allegations of Paragraph "19."

20. The allegations of Paragraph "20" purport to state a legal conclusion to which no responsive pleading is required. To the extent a response is deemed to be required, Essex denies the allegations of Paragraph "20."

21. Admits only that All America issued the All America Policy, the terms, limits, conditions, provisions and exclusions of which speak for themselves. Essex denies knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph "21."

22. Admits only that All America issued the All America Policy, the terms, limits, conditions, provisions and exclusions of which speak for themselves. Essex denies knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph "22."

23. Denies knowledge and information sufficient to form a belief as to the allegations of Paragraph "23."

24. Denies the allegations of Paragraph "24."

25. Denies the allegations of Paragraph "25."

26. Denies all allegations not specifically admitted.

27. Denies that All America is entitled to the declaratory relief requested.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim or cause of action upon which relief can be granted against Essex.

2. No actual, justiciable case or controversy exists against Essex.

3. Plaintiff's claims are barred in whole or in part by the equitable doctrines of unclean hands, laches, waiver and/or estoppel.

4. The Essex Policy contains the following at Conditions:

> **3. Other Insurance:** This insurance shall be in excess of the amount of the applicable deductible or this policy and any other valid and collectible insurance available to the Insured whether such other insurance is stated to be primary, contributory, excess, continent or otherwise, unless such other insurance is written only as specific excess insurance over the limits of liability provided in this policy.

5. Defendant T&D Metal Products, LLC d/b/a Promo Karts, LLC (hereinafter "Promo Karts") failed to provide Essex with notice of the occurrence, conditions, events or damages set forth in the Complaint in accordance with the terms and conditions of the Essex Policy by virtue of Promo Karts' five-week delay in reporting the claim to Essex.

6. Defendant Promo Karts has not fully paid all applicable deductibles and/or self-insured retentions and Essex reserves the right to require that all deductibles and/or self-insured retentions be satisfied

7. Any obligation to indemnify which Essex ultimately may be found to have under the Essex Policy does not arise until the amount of Defendant Promo Karts' legal obligation has been determined by final, non-appealable judgment.

4

8. To the extent any coverage applies under the Essex Policy, such is subject to the provisions, terms, definitions, exclusions, conditions and limitations of the Essex Policy.

9. The Complaint does not describe Plaintiff's claims with sufficient particularity to determine all applicable defenses. Therefore, Essex reserves its right to assert any and all additional defense once the precise nature of the claims is ascertained through discovery and investigation.

## COUNTERCLAIM

1. Essex is an insurance company organized and existing under the laws of the State of Delaware with its principal place of business in the Commonwealth of Virginia.

2. All America is an insurance company organized and existing under the laws of the State of Ohio with its principal place of business in Ohio.

3. All America issued Policy No. CLP 8377294 to T&D Metal Products Company d/b/a MPD Medical, Promo Karts ("Promo Karts") effective for the period April 1, 2008 to April 1, 2009 (the "All America Policy"). The All America Policy includes commercial general liability insurance on an occurrence basis subject to limits of liability of $1 million each occurrence and $2 million in the aggregate. The All America Policy includes coverage for risks within the products completed operations hazard.

4. Essex issued to T&D Metal Products, LLC d/b/a Promo Karts, LLC (also "Promo Karts") Specified Products and Completed Operations Liability Insurance Policy No. SP-842545 (the "Essex Policy"). The Essex Policy is claims made insurance effective for the period June 1, 2009 to April 1, 2010 subject to limits of liability of $1 million all claims from each occurrence and $2 million in the aggregate subject to a deductible in the amount of $10,000 per claim.

5. On or about February 23, 2010, counsel for Annette W. Morris ("Morris") issued a letter of representation to Promo Karts alleging that Morris was injured on May 3, 2008 in a crash while driving a mini kart sold by Promo Karts.

6. On or about April 28, 2010, Morris commenced a lawsuit against Small Cars America, Inc. t/a Grand Prix Racing and others (including Promo Karts) under Case No. CL10-938 in the Circuit Court of the City of Hampton, Virginia (the "Underlying Action").

7. Promo Karts has tendered the Underlying Action to All America and Essex for defense and indemnification under the All America and Essex policies, respectively.

8. The All America Policy provides coverage to Promo Karts for the allegations in the Underlying Action.

9. The Essex Policy contains the following at Conditions:

> **3. Other Insurance:** This insurance shall be in excess of the amount of the applicable deductible of this policy and any other valid and collectible insurance available to the Insured whether such other insurance is stated to be primary, contributory, excess, continent or otherwise, unless such other insurance is written only as specific excess insurance over the limits of liability provided in this policy.

10. The All America Policy contains the following at Section IV – Commercial General Liability Conditions:

> **4. Other Insurance**
>
> If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:
>
> **a. Primary Insurance**
>
> This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is

also primary. Then, we will share with all that other insurance by the method described in c. below.

**b.    Excess Insurance**

This insurance is excess over:

(1) Any of the other insurance, whether primary, excess, contingent or on any other basis:

    (a) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

    (b) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

    (c) That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

    (d) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of Section I – Coverage A – Bodily Injury And Property Damage Liability.

(2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

11. Pursuant to the foregoing, the All America Policy is primary insurance.

12. By operation of the "other insurance" clauses in the Essex Policy and the All America Policy, the Essex Policy is excess to the All America Policy as respects coverage for

Promo Karts in the Underlying Action and the Essex Policy does not attach, if at all, unless and until the All America Policy has been fully and properly exhausted by payment on behalf of Promo Karts of any judgment or award rendered or settlement reached in the Underlying Action.

WHEREFORE, Defendant Essex Insurance Company, by counsel, requests that this Court declare the rights and obligations of the parties; and further requests that the Court declare that the All America Policy provides coverage to Promo Karts on a primary basis for the allegations in the Underlying Action; and further requests that that the Court declare that the Essex Policy is excess to the All America Policy as respects coverage for Promo Karts in the Underlying Action.

**ESSEX INSURANCE COMPANY**

By Counsel

/s/
John M. Claytor (VSB No. 18629)
Elizabeth E.S. Skilling (VSB No. 28063)
Attorney for Essex Insurance Company
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile
jclaytor@hccw.com
eskilling@hccw.com

# CERTIFICATE

I hereby certify that on the 1st day of April, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Janeen B. Koch, Esq.
>Kalbaugh Pfund & Messersmith, P.C.
>9030 Stony Point Parkway, Suite 540
>Richmond, VA 23235
>*Counsel for Plaintiff*
>
>Antoinette N. Morgan, Esq.
>Morris & Morris, P.C.
>P.O. Box 30
>Richmond, VA 23218
>*Counsel for Wal-Mart Stores, Inc.*

And I hereby certify that I have mailed the document by U.S. Mail to the following parties who have not yet made an appearance:

>S. Geoffrey Glick, Esq.
>The Joel Bieber Firm
>Commerce Plaza I
>3809 Emerywood Parkway, Suite 510
>Henrico, VA 23294
>*Counsel for Annette W. Morris*
>
>Small Cars America, Inc.
>Robin R. Lee
>c/o Laina Heathman
>RLI Insurance Company
>Claims Department
>9025 N. Lindbergh
>Peoria, IL 61614
>
>Timothy F. Morris
>26 Del Lago Drive
>Williamsburg, VA 23185
>
>Louis F. Gioia, President
>Wolftrap Motor Sports, Inc.
>612 Cheadle Loop Road, Apt. A
>Seaford, VA 23696

T&D Metal Products, LLC
Promo Karts, Inc.
Promo Karts, LLC
c/o Richard L. James, Esq.
P. O. Box 820
Paris, IL 61944

/s/ _____
John M. Claytor (VSB No. 18629)
Elizabeth E.S. Skilling (VSB No. 28063)
Attorney for Essex Insurance Company
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile
jclaytor@hccw.com
eskilling@hccw.com