

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**ALL AMERICA INSURANCE COMPANY,**

**Plaintiff,**

v.  **CIVIL ACTION NO. 4:11cv41**

**ANNETTE MORRIS, et al.,**

**Defendants.**

### *MEMORANDUM OPINION AND ORDER*

This matter is before the Court on Plaintiff's, All America Insurance Company, Motion for Default Judgment against Defendant Wolftrap Motorsports, Inc. ("Wolftrap"). Wolftrap did not file a response to Plaintiff's motion. Having held a hearing on this motion, the Court finds the matter ripe for decision. For the reasons stated herein, Plaintiff's Motion for Default Judgment is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On March 18, 2011, Plaintiff filed an Amended Complaint for Declaratory Judgment against Defendant Wolftrap, among others. All America Insurance provides insurance coverage to Promo Karts, another named Defendant in this action. Promo Karts potentially seeks coverage against the claims of Annette Morris, a Wal-Mart employee, who alleges that she sustained severe personal injuries as a result of an accident that occurred on May 3, 2008, when she was operating a "mini kart" designed, manufactured, and sold by Promo Karts. However, Plaintiff asks the Court to declare that it is excused from covering Promo Karts, pursuant to an exclusion in the policy for losses sustained via mobile equipment. Ms. Morris alleged that Defendant

Wolftrap negligently entrusted its raceway for use which contributed to the injuries she suffered.

On May 2, 2011, Louis F. Gioia, President of Wolftrap, was personally served with the summons and Amended Complaint for Declaratory Judgment. Proof of service was filed with the Court on May 20, 2011. Two waiver of Service forms, along with additional copies of the Amended Complaint for Declaratory Judgment were mailed to Mr. Gioia and to Michael L. Hill, Vice-President of Wolftrap, on May 4, 2011. To date, Wolftrap failed to file an Answer in this action and did not return the waiver of service form. On June 8, 2011, the Clerk entered default against Wolftrap for failure to file an Answer in this action.

This Court initially scheduled a hearing on Plaintiff's Motion for Default Judgment for November 3, 2011, at 11:00 A.M. The Court then rescheduled the hearing for that same day at 12:30 P.M. Again, Wolftrap's President was personally served with notice of this change. The Court held the hearing as scheduled and Wolftrap failed to appear.

## II. LEGAL STANDARD

### A. Motion for Default Judgment

The Federal Rules of Civil Procedure provide for the entry of default against a party when that party has "failed to plead or otherwise defend" its case. Fed. R. Civ. P. 55(a). In cases involving multiple claims or parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). A party requesting a default judgment must make a showing of the following: (1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military services; and (5) that notice

has been served on the defaulting party, if required by Rule 55(b)(2). The Court may conduct a hearing, if necessary, to take an accounting, determine the amount of damages, establish the truth of any averment by evidence, or make an investigation of additional matters. Fed. R. Civ. P. 55(b)(2).

Default judgments are to be granted sparingly, with consideration to be given to, among other factors, the question of whether a less severe sanction would suffice. *See, e.g., Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953-54 (4th Cir. 1987); *United States v. Moradi*, 673 F.2d 725, 727-28 (4th Cir. 1982). A panel of the Fourth Circuit also has noted that "the extreme sanction of judgment by default is reserved for only cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court." *Pinpoint IT Services, L.L.C. v. Atlas IT Export Corp.*, 2011 WL 2748685, at *11 (E.D. Va. July 13, 2011) (quoting *Mobil Oil Co. de Venez. v. Parada Jimenez*, 989 F.2d 494, 1993 WL 61863, at *3 (4th Cir. Mar. 9, 1993) (unpublished table decision)). Entry of default judgment is committed to the sound discretion of the Court and shall be reviewed only for abuse of discretion. *Lolatchy*, 816 F.2d at 953-54.

### III. DISCUSSION

#### A. Motion for Default Judgment

Plaintiff argues that a default judgment is warranted because of Defendant's failure to defend the case and to comply with the mandates of procedure. Generally, a default judgment is warranted where a defendant has failed to plead or otherwise defend the action. Fed. R. Civ. P. 55; *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Moreover, a litigant's *pro se* status does not vitiate her obligation to comply with the Federal Rules of Civil

3

Procedure. *See, e.g., Michael D. Vick v. Wong et al.*, 263 F.R.D. 325, 333 (E.D. Va. 2009) (noting that "*pro se* litigants are subject to the same [procedural] rules as counsel"). Wolftrap nor any counsel on its behalf have appeared or answered the Plaintiff's pleadings in this litigation. Wolftrap repeatedly has been made aware of the existence of this matter and has still failed to comply with the rules of procedure. Thus, a default judgment is appropriate under such circumstances. *See Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir. 1992) (finding default judgment proper where defendant did not appear at show cause hearing and did not respond to certified notices sent by the court).

Defendant has failed to defend the case, including the instant Motion for Default Judgment. On June 8, 2011, the Clerk entered default against Wolftrap for failure to file an Answer to the Complaint. Moreover, Wolftrap did not appear at the default hearing on the instant motion held on November 3, 2011, of which the Defendant had notice. Lastly, Defendant is not an infant, an incompetent person, or in the military service. At no point has Wolftrap indicated to the Court that it intends to comply with the rules of procedure. *See, e.g., Pinpoint IT Services, LLC v. Atlas IT Export Corp.*, 2011 WL 2748685, at *11 (E.D. Va. 2011) (quoting *Mobil Oil Co. de Venez. v. Parada Jimenez*, 989 F.2d 494, 1993 WL 616863, at *3 (4th Cir. 1993) (unpublished table decision))( "[T]he extreme sanction of judgment by default is reserved for only cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court.").

Therefore, under the general rule laid out above, default judgment is appropriate and Plaintiff's Motion for Default Judgment is **GRANTED.**

## IV. CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment against Defendant Wolftrap Motorsports, Inc. is **GRANTED**. It is ordered that Plaintiff be provided relief as requested in its Amended Complaint for Declaratory Judgment.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
November 3, 2011